## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br>       Plaintiff, <br><br>  v. <br><br>J. YALE, <br><br>       Defendant. | ) 1:11-cv-01538-BAM (PC) <br>) <br>) SCREENING ORDER DISMISSING FIRST <br>) AMENDED COMPLAINT FOR FAILURE <br>) TO STATE A CLAIM AND GRANTING <br>) LEAVE TO AMEND <br>) (ECF No. 15) <br>) <br>) THIRTY-DAY DEADLINE <br>) |

**First Screening Order**

**I.**  **Screening Requirement and Standard**

     Plaintiff James Cato, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 13, 2011.  Plaintiff's first amended complaint, filed on March 6, 2013, is currently before the Court for screening.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     **Plaintiff's First Amended Complaint**

### A.     **Summary of Allegations**

Plaintiff's first amended complaint names J. Yale, a correctional officer at Pleasant Valley State Prison ("PVSP"), as the sole defendant in this action.

Plaintiff alleges as follows: On May 5, 2012, Plaintiff filed a civil complaint against correctional officers at Corcoran State Prison in Case No. 1:10-cv-00793-AWI-MJS (PC). On March 2, 2011, the Court in that action issued an order directing the Clerk of the Court to return

Plaintiff's exhibits pertaining to a claim previously dismissed, without prejudice, against correctional officers at PVSP.  Plaintiff's exhibits were forwarded by the Clerk of the Court to the litigation coordinator at Corcoran State Prison.

On March 7, 2011, Plaintiff contacted the litigation coordinator by inmate request for interview and requested the return of his exhibits.  Plaintiff was informed that his exhibits were sent to property officers, not the law librarian or law library officer.

On April 12, 2011, Defendant J. Yale destroyed Plaintiff's exhibits in retaliation against Plaintiff for filing an excessive force complaint against correctional officers at Corcoran State Prison.  On the same date, Defendant J. Yale willfully generated a false departmental document to cover-up his destruction of Plaintiff's exhibits.  In the departmental document, Defendant J. Yale makes false allegations against Plaintiff, Plaintiff's family, and the Court concerning Plaintiff's exhibits.  Defendant J. Yale reportedly falsely alleges that (1) Plaintiff's exhibits were previously confiscated and mailed out on January 29, 2011; (2) Plaintiff's family sent the confiscated exhibits to the district court attached to an excessive force complaint; and (3) Plaintiff attempted to regain his previously confiscated exhibits from the Court as legal property.

Plaintiff alleges that his exhibits did not violate the contraband rule/regulation of the California Department of Corrections and Rehabilitation and Defendant J. Yale's actions served no penological interests.  Plaintiff further alleges that Defendant J. Yale's destruction of the exhibits not only impeded and hindered Plaintiff's access to the courts to pursue a non-frivolous legal claim, but also deprived Plaintiff of property that is irreplaceable.

### B. Causes of Action

#### 1. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In this case, Plaintiff alleges that Defendant J. Yale destroyed his potential exhibits in retaliation for Plaintiff's filing an excessive force complaint against correctional officers at a different institution. Plaintiff also alleges that Defendant J. Yale's action did not reasonably advance a legitimate correctional goal.

However, in documents incorporated and attached to Plaintiff's complaint, Defendant J. Yale reportedly disposed of the documents because Plaintiff refused to select a method of disposition for them. (Exhibit C to First Amended Complaint, ECF No. 15.) Although Plaintiff identifies specific allegations in this "falsely generated" document, Plaintiff does not allege that this particular statement is false. In other words, Plaintiff does not allege that Defendant J. Yale's statement regarding Plaintiff's refusal to select a method of disposition for the documents is incorrect or inaccurate. Defendant J. Yale's statement therefore belies Plaintiff's claim that his exhibits were destroyed as an act of retaliation, and the Court cannot conclude that Plaintiff has met the plausibility standard. Further, Plaintiff does not allege any factual basis for J. Yale's knowledge that Plaintiff made claims against officers at another institution and a factual basis that destruction of the exhibits was because of the claims. Plaintiff will be given an opportunity to amend this claim, if he can, to state a cognizable claim.

    **2. Access to Courts**

Plaintiff alleges that his right to access the courts was violated by the destruction of his exhibits. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,

518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), quoting Christopher, 536 U.S. at 413-14, overruled on other grounds, Hust v. Phillips, 555 U.S. 1150, 129 S.Ct. 1036 (2007).

      The first element requires that Plaintiff show he suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076.  The second element requires that Plaintiff show a defendant proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability."  Phillips, 477 F.3d at 1077.  Finally, the third element requires that Plaintiff show he has no other remedy than the relief available via this suit for denial of access to the courts.  Id. at 1078-79.

      Plaintiff fails to state a cognizable claim against Defendant J. Yale.  According to the documents incorporated into and attached to his complaint, Plaintiff's destroyed exhibits are related to a proposed action against two employees at PVSP for confiscation of his mail in 2008 and 2009, which was dismissed without prejudice in Cato v. Avila, et al., Case No. 1:10-cv-00793-AWI-MJS.  (Exhibit A to First Amended Complaint, ECF No. 15.)  Plaintiff has not alleged that he has been unable to pursue such action and, thus, he has not shown that he suffered an "actual injury" by being shut out of court.  Indeed, the Court takes judicial notice that Plaintiff

is actively pursuing his action for confiscation of mail in 2008 and 2009 against PVSP employees K. Nash and W. Brambaugh in Cato v. Director of Corrections and Rehabilitation, et al., Case No. 1:12-cv-01331-LJO-MJS.[1]

### 3. **Personal Property**

Plaintiff challenges the destruction of his personal property. Prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 . Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Defendant J. Yale destroyed his property in retaliation, which is an allegation that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 3, 2013**                        /s/ Barbara A. McAuliffe
                                                                      UNITED STATES MAGISTRATE JUDGE