UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES CATO, JR., | ) | 1:11-cv-01538-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO STATE A CLAIM |
| v. | ) | (ECF No. 18) |
| | ) | |
| J. YALE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.      Screening Requirement and Standard**

Plaintiff James Cato, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 13, 2011.  On April 3, 2013, the Court dismissed Plaintiff's first amended complaint for failure to state a claim and granted Plaintiff leave to a second amended complaint.  (ECF No. 17.)  Plaintiff's second amended complaint, filed on April 29, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
3 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65
4 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge
5 unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
6 (internal quotation marks and citation omitted).

7 While prisoners proceeding pro se in civil rights actions are still entitled to have their
8 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard
9 is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to
10 survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual
11 detail to allow the Court to reasonably infer that each named defendant is liable for the
12 misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.
13 U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant
14 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
15 plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss,
16 572 F.3d at 969.

17 **II.    Plaintiff's Second Amended Complaint**
18    **A. Summary of Allegations**
19 As with his first amended complaint, Plaintiff's second amended complaint names J.
20 Yale, a correctional officer at Corcoran State Prison, as the sole defendant in this action.
21 Plaintiff alleges as follows: On April 30, 2010, Plaintiff obtained approximately 50
22 catalogs/50 photographs from the law library officer to use as exhibits in a legal complaint. The
23 catalogs and photographs were mailed to the United States District Court, Eastern District of
24 California as exhibits to a complaint he filed on May 5, 2010.
25 On March 2, 2011, the district court directed the court clerk to send Plaintiff's 50
26 catalogs/50 photographs to the litigation coordinator at Corcoran State Prison.
27 On April 12, 2011, Defendant J. Yale came into control of Plaintiff's mail (50
28 catalogs/50 photographs), which were previously lodged as exhibits with the district court. On

1  that date, Defendant J. Yale willfully destroyed Plaintiff's 50 catalogs/50 photographs.  As
2  Plaintiff received the catalogs and photographs in the mail and they did not violate any
3  department rule, Defendant J. Yale's action was in retaliation for Plaintiff filing an excessive
4  force complaint against correctional officers who work with Defendant J. Yale at Corcoran State
5  Prison.

6  Defendant J. Yale then generated a false departmental document in an attempt to cover
7  up his destruction of Plaintiff's mail.  In this document, Defendant J. Yale alleged that Plaintiff's
8  mail (50 catalogs/50 photographs) was in violation of the department's contraband regulation for
9  obscene/explicit material.  Plaintiff asserts that this allegation was false because Plaintiff
10 received the 50 catalogs/50 photographs in the mail and was issued said items by the law library
11 officer to send to the Court as an exhibit attached to Plaintiff's complaint.  Defendant J. Yale
12 also alleged that he previously confiscated Plaintiff's 50 catalogs/50 photographs and mailed
13 them out on January 29, 2011.  Plaintiff asserts that this lie was brought to light by the Court's
14 own order of March 2, 2011, stating that Plaintiff's materials had been lodged as an exhibit since
15 May 5, 2010.  (Exhibit B to Second Amended Complaint.)  Defendant J. Yale also alleged that
16 Plaintiff's family sent the 50 catalogs/50 photographs to the Court attached to an excessive force
17 claim.  Plaintiff asserts that this lie was brought to light by the Court's own admission to
18 Plaintiff's filing his complaint on May 5, 2010.

19 Plaintiff further alleges that Defendant J. Yale destroyed Plaintiff's mail before any
20 appeal and destroyed the documents on the same day that he came into control of them.  Plaintiff
21 asserts that the destruction of the 50 catalogs/50 photographs (1) violated his First Amendment
22 right to receive mail; (2) destroyed mail that is irreplaceable in retaliation for Plaintiff pursuing
23 an excessive force claim against fellow officers; (3) denied Plaintiff's due process right to appeal
24 any prior disposition; (4) served no penological interest; and (5) hindered and obstructed
25 Plaintiff's access to court.
26 ///
27 ///
28 ///

**B. Causes of Action**

    **1. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In this case, Plaintiff alleges that Defendant J. Yale destroyed his potential exhibits in retaliation for Plaintiff's filing an excessive force complaint against correctional officers at a different institution. Plaintiff also alleges that Defendant J. Yale's action did not reasonably advance a legitimate penological goal.

However, in documents incorporated and attached to Plaintiff's second amended complaint, Defendant J. Yale reportedly disposed of the documents because Plaintiff refused to select a method of disposition for them. (Exhibit C to Second Amended Complaint.) Although Plaintiff identifies specific allegations in this "false" document, Plaintiff does not allege that this particular statement is false. In other words, Plaintiff does not allege that Defendant J. Yale's statement regarding Plaintiff's refusal to select a method of disposition for the documents is incorrect or inaccurate. Defendant J. Yale's statement therefore belies Plaintiff's claim that his exhibits were destroyed as an act of retaliation, and the Court cannot conclude that Plaintiff has met the plausibility standard. The Court previously noted this deficiency in connection with Plaintiff's first amended complaint. Although Plaintiff was given an opportunity to amend his complaint to state a cognizable retaliation claim, he has been unable to do so.

Further, Plaintiff's allegations that Defendant J. Yale destroyed the documents in retaliation are, at best, conclusory. This is particularly true given the district court's direction to

1  the Litigation Coordinator or other authorized official at Corcoran State Prison to determine
2  whether the materials violated prison regulations or whether they may be returned to Plaintiff.
3  (Exhibit B to Second Amended Complaint.)  Prison officials determined that such materials were
4  obscene/sexually explicit and should not be returned to Plaintiff.  (Exhibit C to Second Amended
5  Complaint.)

### 2. Right to Receive Mail

Plaintiff contends that Defendant J. Yale's destruction of his catalogs and photographs violated his First Amendment right to receive mail.  While prisoner's have a right under the First Amendment to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam), prison officials may examine a prisoner's mail without infringing upon his constitutional rights, United States v. Wilson, 447 F.2d 1, 8 n.4 (9th Cir. 1971).  According to the allegations and exhibits incorporated into Plaintiff's second amended complaint, the catalogs and photographs at issue were not mailed to Plaintiff.  Rather, pursuant to court order, the documents were forwarded to the litigation coordinator at Corcoran State Prison for a determination of whether the documents violated prison regulations and whether they should be returned to Plaintiff.  (Exhibit B to Second Amended Complaint.)  The prison determined that such documents should not be returned and Plaintiff was provided an opportunity to direct their disposition.  Following Plaintiff's failure to direct their disposition for mailing, they were disposed of by prison officials.  (Exhibit C to Second Amended Complaint.)  Plaintiff has failed to state a claim for violation of his First Amendment right to receive mail.  It does not appear that this deficiency may be cured by amendment.

### 3. Access to Courts

Plaintiff alleges that his right to access the courts was violated by the destruction of his exhibits. Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried

1  (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-
2  87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the
3  loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the
4  litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available
5  in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), quoting Christopher, 536
6  U.S. at 413-14, overruled on other grounds, Hust v. Phillips, 555 U.S. 1150, 129 S.Ct. 1036
7  (2007).

8       The first element requires that Plaintiff show he suffered an "actual injury" by being shut
9  out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at
10 2180; Phillips, 477 F.3d at 1076. The second element requires that Plaintiff show a defendant
11 proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone . . . [for which] is
12 foreseeability." Phillips, 477 F.3d at 1077. Finally, the third element requires that Plaintiff show
13 he has no other remedy than the relief available via this suit for denial of access to the courts. Id.
14 at 1078-79.

15      Plaintiff fails to state a cognizable claim against Defendant J. Yale. According to the
16 documents incorporated into and attached to his complaint, Plaintiff's destroyed exhibits are
17 related to a proposed action against two employees at PVSP for confiscation of his mail in 2008
18 and 2009, which was dismissed without prejudice in Cato v. Avila, et al., Case No. 1:10-cv-
19 00793-AWI-MJS. (Exhibit B to Second Amended Complaint.) Plaintiff has not alleged that he
20 has been unable to pursue such action and, thus, he has not shown that he suffered an "actual
21 injury" by being shut out of court. Indeed, the Court takes judicial notice that Plaintiff is actively
22 pursuing his action for confiscation of mail in 2008 and 2009 against Pleasant Valley State
23 Prison employees K. Nash and W. Brambaugh in Cato v. Director of Corrections and
24 Rehabilitation, et al., Case No. 1:12-cv-01331-LJO-MJS.[1]

25 ///
26 ///
27
28 [1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc. 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

### 4. Right to Appeal

Plaintiff alleges that the destruction of his photographs and catalogs before he could appeal violated his due process rights. However, inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, Plaintiff cannot state a due process claim because he was unable to file an administrative grievance or appeal before the disposition of his property.

### 5. Personal Property

Plaintiff challenges the destruction of his personal property. Prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Defendant J. Yale destroyed his property in retaliation, which is an allegation that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Despite an opportunity to amend, and as discussed above, it does not appear that Plaintiff can cure the deficiencies identified by the Court. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that this action be DISMISSED, with prejudice, for failure to state a claim. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **May 24, 2013**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE